# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Debra M., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:20-cv-2704-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew M. Saul, Commissioner of | ) | **ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Debra M. brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a thorough and detailed Report and Recommendation ("Report") recommending that the court remand the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 22 at 63). The magistrate judge concluded that the Administrative Law Judge ("ALJ") failed to properly evaluate the opinion of Plaintiff's treating pain management physician Dr. Lee Ashley Mullinax. *Id*. at 51–61. Specifically, the magistrate judge noted that the ALJ did not consider all of the factors set forth in 20 C.F.R. § 404.1527(c) in evaluating the opinion of Dr. Mullinax nor did the ALJ consider the entire record in according little weight to the opinion. *Id*. at 61. Additionally, the magistrate judge recommended that on remand, the ALJ should consider a December 2019 letter from Dr. Mullinax that Plaintiff submitted to the Appeals Council

1

as well as "any other relevant evidence in rendering a new decision." *Id*. at 62.  The Commissioner subsequently filed notice that he did not intend to file objections to the Report. (ECF No. 23).

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Nonetheless, the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).  The court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made."  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

In light of the Commissioner's express notice that he would not object to the Report, the court's review is only for clear error.  Having carefully reviewed the record and the very thorough 63-page Report of the magistrate judge, the court finds no error, clear or otherwise, in the Report and adopts the recommendation of the magistrate judge (ECF No. 22 at 62–63) that the decision of the Commissioner be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Accordingly, the Commissioner's decision is **REVERSED**, and this action is **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), including the proper evaluation of Dr. Mullinax's opinion as set forth in the Report. The Clerk of Court is directed to enter a final judgment by separate order.

**IT IS SO ORDERED.**

                                              s/ Timothy M. Cain
                                              United States District Judge

May 5, 2021
Anderson, South Carolina