# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Debra Moss, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:20-cv-2704-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Kilolo Kijakazi[1], ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

On August 3, 2021, Plaintiff Debra Moss filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on the basis that she was the prevailing party and that the position taken by the Commissioner in this action was not substantially justified. (ECF No. 27). On August 16, 2021, Defendant filed a response stating that she does not oppose payment of the attorney's fees and costs in the amount requested in Plaintiff's motion. (ECF No. 28).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood*, 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991). In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Plaintiff has asked for the payment of attorney's fees in the amount of $4,151.25 and expenses in the amount of $21.15. (ECF No. 27 at 2). Defendant responded, stating that she does not oppose payment of the requested amount of attorney's fees and costs. (ECF No. 28 at 1). Despite there being no objection, however, the court is obligated under the EAJA to determine if the fee is proper. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the

---

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The remand in this case was made pursuant to sentence four. (ECF Nos. 25, 26).

appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds the unopposed request for fees is appropriate. Accordingly, the court **GRANTS** the Motion for Attorney's Fees under the EAJA (ECF No. 27) and orders that Plaintiff be awarded attorneys' fees in the amount of $4,151.25 and expenses in the amount of $21.15.[3]

**IT IS SO ORDERED**.

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 19, 2021

---

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).